315-07/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
DEION NAVIGATION S.A.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEION NAVIGATION S.A.,                             07 CIV.     (     )

            Plaintiff,                         **VERIFIED COMPLAINT**

  -against-

ICDAS CELIK ENERJI TERSANE
VE ULASIM SANAYI A.S.,

            Defendant.
------------------------------------------------------------------x

Plaintiff DEION NAVIGATION S.A. ("DEION"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI A.S. ("ICDAS"), alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.    At all times relevant hereto, DEION was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of business

NYDOCS1/285831.1

at Trust Company Complex, Ajeltake Island, P.O. Box 1405, Majuro, Marshall Islands. DEION is the registered owner of the vessel M/V RENATA.

3.  At all times relevant hereto, ICDAS was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Mahmutbey 34540 Gunesli Istanbul, Turkey.

4.  On or about November 25, 2006 DEION, as owner of the M/V RENATA, entered into a maritime contract on an amended GENCON charter party form with ICDAS, as charterer, for the use and operation of the vessel ("the charter party").

5.  The charter party between DEION and ICDAS contemplated one charter trip involving the carriage of several cargoes of steel rebars in bundles and steel D-bars in coils from the load ports of Ambarli (Istanbul), Turkey and/or Icdas (Karabiga), Turkey, to the discharge port of Luanda, Angola.

6.  DEION duly tendered the M/V RENATA under the terms of the charter party and the vessel commenced performance under the command and operation of ICDAS.

7.  DEION has met all of its obligations to ICDAS pursuant to the charter party.

8.  Pursuant to the terms of the charter party, ICDAS was obligated to pay demurrage to DEION. Defendant ICDAS incurred demurrage at the discharge port of Luanda in the sum of $210,858.77, or 31.299 days at the rate of $7,000/day (less commission), for which it became liable to DEION by operating the vessel in excess of the time permitted by the charter party. Defendant ICDAS made a partial payment, however, and owes to DEION the sum of $190,858.77 in outstanding demurrage.

9.  Despite due demand for payment of the sum of $190,858.77 by DEION, ICDAS, however, in breach of the charter party with DEION, has refused or has otherwise failed to pay.

10. Pursuant to the terms of the charter party, all disputes are subject to London arbitration, with English law to apply. DEION has demanded arbitration against ICDAS in London. DEION specifically reserves its right to arbitrate the merits of its dispute with ICDAS pursuant to the terms of the charter party.

11. This action is brought in order to obtain security in favor of DEION in respect to its demurrage claim against ICDAS, including but not limited to interest, DEION's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law.

12. After investigation, Defendant ICDAS cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

13. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by DEION against ICDAS includes:

(a) DEION's claim for outstanding demurrage in the sum of $190,858.77;

(b) Interest in the amount of $22,033.09, calculated on the above sums at the rate of 5.5% per annum, compounded quarterly, for 2 years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(c) Legal fees, arbitrators' fees and costs that will be incurred by Plaintiff in respect to the London arbitration which are recoverable pursuant to English law and are estimated to be in the sum of $40,000 by English solicitors.

14. Based upon the foregoing, the total amount DEION seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$252,891.86.**

W H E R E F O R E, Plaintiff DEION NAVIGATION S.A. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI A.S., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $190,858.77, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$252,891.86** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other

garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
July 2, 2007

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                DEION NAVIGATION S.A.

By: _____
      Don P. Murnane, Jr. (DM/3639)
      Manuel A. Molina (MM 1017)
      80 Pine Street
      New York, NY 10005

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

Don P. Murnane Jr., being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Don P. Murnane, Jr.

Sworn to before me this
2nd day of July, 2007

_____
NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009